IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 17, 2018

## JERMAINE REESE v. THE ESTATE OF STANLEY CUTSHAW, ET AL.

**Appeal from the Chancery Court for Greene County**
**No. 20150444        Douglas T. Jenkins, Chancellor**

_____

**No. E2017-01923-COA-R3-CV**

_____

CHARLES D. SUSANO, JR., J., concurring.

I concur in the majority's discussion and decision regarding the inapplicability of the doctrine of exoneration. I am also of the opinion that *if* the statute of limitations had been timely raised as an affirmative defense, it would have barred Wife's cause of action. However, I believe that our *Fryer* decision and Rules 8.03 and 12.08 of the Rules of Civil Procedure, mandate the conclusion that the trial court erred in ambushing Wife by applying an affirmative defense that was never pled nor tried. To the extent that the majority opinion could be read as holding that the trial court's error was harmless because the statute of limitations had run, I disagree with that reasoning, because I believe it is circular in nature. The conclusion that the error was harmless can, however be supported by other reasoning of the majority. For example, I agree with the majority that the error was harmless, but I would support this conclusion simply on the trial court's determination that the release executed by the parties was valid and enforceable and supports the conclusion that the property securing the debt should be deeded back to Wife. I write separately to emphasize my view that *Fryer* was correctly decided, that it is squarely on point and applicable to this case, and that this opinion should not be read as representing an exception to the general principle stated therein, namely that a trial court commits reversible error by sua sponte applying a statute of limitations defense at the end of trial that was never pled, raised by the parties, or tried by implied consent.

_____
CHARLES D. SUSANO, JR., JUDGE